# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT M. SAIZ,

    Plaintiff,

vs.                                                                                             1:18-cv-01179-MV-LF

MATHEW SANDOVAL, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1). He asserts 42 U.S.C. § 1983 claims against the judge, witness, and defense attorneys who were involved in his state criminal case. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court concludes that Plaintiff cannot successfully sue those individuals. The Court must therefore dismiss the Complaint with prejudice.

**Background**[1]

In 2016, Plaintiff pled guilty to voluntary manslaughter in New Mexico's Fourth Judicial District Court (Case No. D-412-CR-2016-00200). *See* Doc. 1 at 7. It appears that he struck the victim, who suffered a head trauma and died. *Id.* at 4, 5, 7. Although the criminal sentence is unclear, Plaintiff was released from prison in 2019. Plaintiff alleges that State Judge Matthew Sandoval had a close, personal relationship with the victim but refused to recuse. *See* Doc. 8. Judge Sandoval allegedly did not read the medical report, which reflects that the victim was using narcotics. *Id.* at 4-5. It appears that Judge Sandoval may have also denied bail. *Id.* at 5.

---

[1] For the purpose of this ruling, the Court assumes that the facts in the Complaint (Doc. 1) are true.

The second Defendant, Dr. Joseph Kambe, provided a medical diagnosis after examining the victim. *See* Doc. 1 at 4-5. Dr. Kambe opined that the victim had a fractured skull and bleeding in the brain caused by blunt force trauma. *Id.* However, Dr. Kambe failed to mention that the victim had alcohol, cocaine, and methamphetamine in his system. *Id.* Plaintiff appears to believe that these substances contributed to the death. *Id.* The remaining Defendants, Michael Aragon and David Silva, represented Plaintiff as defense counsel. *See* Doc. 1 at 6. They allegedly: (1) had a personal relationship with the victim; (2) waived the preliminary hearing without consent; (3) refused to provide discovery; (4) failed to call witnesses or object to the medical report; (4) failed to argue self-defense; (5) failed to request video footage of the altercation; and (6) scared Plaintiff into entering a plea. *Id.*

Plaintiff asks the Court to award $ 5.5 million in damages and expunge his conviction. *See* Doc. 1 at 8.

**Standards Governing Initial Review**

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all civil complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915A(a); *Brown v. Eppler*, 725 F.3d 1221, 1230 (10th Cir. 2013) (The PLRA applies to individuals who are incarcerated at the time of filing, even if they are later released). The Court must dismiss any inmate complaint that "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110

(10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.*

**Analysis**

"A cause of action under section 1983 requires the deprivation of a civil right by a [qualifying] 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, Plaintiff's complaint does not state a cognizable claim. Judge Sandoval is absolutely immune from a civil rights suit based on actions taken in his judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554

(1967)). The only exception is when a judge "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). As a State District Judge, Sandoval had jurisdiction over the criminal proceeding, notwithstanding any allegations of wrongdoing. Consequently, Plaintiff cannot sue Judge Sandoval.

The claims against Dr. Kambe fail for similar reasons. Witnesses are absolutely immune from § 1983 claims based on their testimony and statements to police. *See Rehberg v. Paulk,* 566 U.S. 356, 367 (2012). There is also no indication that Dr. Kambe was acting under color of state law, or that he violated federal law for failing to mention the victim's drug use in the medical report. *See McLaughlin*, 215 F.3d at 1172. The remaining Defendants, Aragon and Silva, are not subject to liability because defense attorneys do not act under color of state law as defined by § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 316 (1981) (addressing public defenders); *Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010) (applying the rule to private defense counsel).

Further, even if Plaintiff could successfully sue Defendants, the requested relief is barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Heck* held that the federal court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Plaintiff's request to be compensated for his conviction, which he believes should be expunged, necessarily attacks the criminal proceedings. *See e.g., Baldwin v. O'Connor*, 466 F. App'x 717, 717 (10th Cir. 2012) (*Heck* barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . . the district-court judge who presided in his case"); *Murphy v. Willmore*, 752 F. App'x 653, 656 (10th Cir. 2018) (same).

For these reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915A.

**Amendment Would be Futile**

Having determined the complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to amend the pleading. *See Hall*, 935 F.2d at 1110. *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts do not typically order an amendment when any amended claims would also be subject to immediate dismissal under Rule 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, amending the complaint would be futile for two reasons. First, as a matter of law, Plaintiff cannot recover money damages from the parties responsible for his prosecution and incarceration. Second, the Court cannot grant the nonmonetary relief (*i.e.,* expunging the criminal conviction) requested in this action. Challenges to a state conviction and sentence must be brought as a 28 U.S.C. § 2254 habeas proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Plaintiff already filed a § 2254 proceeding, which is pending before this Court. *See Saiz v. Mulheron*, 18-cv-1180 WJ-SCY. The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A. The Court will enter a separate judgment consistent with this ruling.

_____
UNITED STATES DISTRICT JUDGE